UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

George T. Dougherty, Esquire (247791969)
KATZ & DOUGHERTY, LLC
4020 Quakerbridge Road
Trenton, New Jersey 08619
609-587-1199
Attorneys for Plaintiffs, Laraine Conte
And Janet Guarino

| | |
|---|---|
| LARAINE CONTE AND JANET GUARINO, | :Civil Action No: 3:20-cv-16458-BRM-TJB |
| Plaintiffs, | : |
| Vs. | : |
| SAM SHEAR and MIKE WINBERG, Individually and as Principals or Managers of def. PREMIER WATERPROOFING.LLC And JOHN DOE and ABC CO. | : Returnable: January 4, 2021 |

**CERTIFICATION OF PLAINTIFF, JANET GUARINO
IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
ARBITRATION or ALTERNATIVELY,
DISMISS COUNT II OF PLAINTIFFS' COMPLAINT**

Janet Guarino, of full age, certifies as follows:

1. I am the plaintiff sister of homeowner Laraine Conte and have full knowledge as to the following facts:

2. During the Winter of 2018, my sister and her husband, Mark Conte, were in need of mold remediation as the result of a backup of their sanitary sewer pipe, causing a portion of their basement to be wet.

1

3. I observed the situation firsthand, noticing that the water intrusion had been confined to a portion of the basement closest to the rear of the house, leaving the opposite side of the basement and its contents, dry and unaffecting affected by the wetness in the rear section.

4. After the insurance company paid for a company to provide water removal services and fan drying equipment, my sister solicited proposals for mold removal services.

5. I was present on February 17, 2018, Mike Winberg came to the Contes' home as a representative of Premier Waterproofing, LLC to assess the situation and to make a proposal for mold remediation services.

6. I have reviewed the certification made by Laraine Conte regarding Mr. Winberg's actions, including his spending some time alone in the basement, after which he came upstairs to the kitchen table where he gave his findings that there was a high amount of mold in the basement, and that he could tell by sight, without the need for laboratory tests, that the mold in the basement was a threat to my brother-in-law's health.

7. He was able to observe that Mark Conte was in ill health with respiratory issues, and it became clear to me and to Laraine that he was bent on exploiting that issue, pushing heavily for Laraine to select Premier for the mold removal work.

8. Although the water cleanup firm removed the wet matter from the wet portion of the basement, leaving such things as the wash machine and refrigerator in place (noting that they were able to be cleaned and retained) Winberg insisted to Laraine that they should be removed, without explaining his reasoning.

9. He made the same remarks about many other items that Laraine questioned, including things which were dry and located in the dry portion of the basement.

10. Because Laraine had asked Winberg about a number of items, he promised that before any removal took place, he would sit with her in the basement and "tag" each item that was, with her approval, to be saved and each item to be disposed of.

11. Most likely to amplify his concern about the potent mold threat (because they simply ignored the tagging promise when the work started on February 28) Winberg made a major point of Laraine needing to wear hazmat protective gear including boots, gloves mask and overalls during the selection process.

12. I am personally familiar with the stored contents of the Conte basement, including Mark's collection of phonograph records, musical instruments, artwork and other objects which were clearly intended to be saved.

13. After the Premier proposal was emailed, because my sister and her husband lacked the financing to pay the $21,000 price,

and could not qualify for financing, I agreed to be responsible for financing the project through GreenSky.

14. I was never a party to the unsigned Premier mold removal proposal and therefore not subject to its arbitration clause or its liability limitations.

15. My suit against Premier is based on its unlawful imposition of its GreenSky Merchant's Fee of $4,000 to its invoice for services as set forth in the Complaint, Para.s 54. - 59.

16. If there is an Order compelling Arbitration of Laraine Conte's Complaint against the Premier Defendants, my action against the Premier defendants should not be included in that arbitration and should be adjudicated before this Court or remanded to the New Jersey State Superior Court.

I make this Certification knowing that I am subject to punishment if my statements are knowingly and materially false.

*Janet Guarino*                    Dec. 10, 2020
Janet Guarino                      Date