**KATZ & DOUGHERTY, LLC**

Attorneys at Law
4020 QUAKERBRIDGE ROAD
MERCERVILLE, NEW JERSEY 08619
TELEPHONE:  (609) 587-1199     TELEFAX:     (609) 587-0550
www.KatzAndDougherty.com

Jerome M. Katz
George T. Dougherty

July 25, 2023

The Honorable Tonianne J. Bongiovanni
United States Magistrate Judge
402 East State Street
Trenton, New Jersey 08609

Re: Conte, et al v. Premier Waterproofing et al. Docket No: 3:20-cv-16458-ZNQ-TJB

Dear Judge Bongiovanni:

First, I want to report that I am making progress in completing Mr. Heldman's February 24, Second set of written discovery.

Second, regarding his theory that, even if N.J.S.A. 14A:13-11 bars defendant Premier Waterproofing, LLC from counterclaiming against the plaintiffs in New Jersey, it doesn't bar its employees from doing so, Mr. Heldman cites no authority for that proposition. However, proceeding from the maxim that Corporations act *solely through their officers and employees*, why would New Jersey bar a defendant unregistered foreign LLC from bringing a counterclaim, but allow it to assign its counterclaim to its employees?  Such a loophole would have rendered the law futile.

Third, Mr. Heldman's failure to acknowledge, let alone *deny*, my report to the Court that I have been pressing him to counter plaintiffs' current demand which was reinstated after Sam Shear's Facebook pages showing him to be a regular feature in Barbados (in contrast to counsel's initial description of him and Mike Winberg) is consistent with his fib that the plaintiffs have no interest in settling.  Accusing plaintiffs of stalling for time fails to explain why their current (negotiable) demand is a mere $250,000.  If settlement was being discouraged, their demand would be at minimum ten times that.

Apart from the Barbados revelation, other indicators have surfaced supporting their sense that defendants are retreating from settlement negotiations.  Having recently represented that Premier Waterproofing is no longer operating, claiming that it is "shuttered" Mr. Heldman reacted with derision to my report that my clients questioned why a website appearing on line, was seeking offers to purchase  "Premier Waterproofing" chiding them for not realizing that what was being offered was the Premier's name, not

the *business*. In fact, since that discovery, the plaintiffs have unearthed direct evidence of Mr. Shear's continued operation of his waterproofing business, soon to be assembled and shared with counsel. The internet postings foster their belief that either he or his client misrepresented the *actual* on-going status of the original business under a new name. Discovery of these factors is presently being prepared for service on defendant Shear. However, that event does not cancel their interest in bringing this matter to a conclusion, assuming the defense can anticipate the expense and economic downside of continuing gamesmanship.

Finally, I found it odd that Mr. Heldman chose not to acknowledge, let alone *echo* my request that your Honor convene an in-person mediation session which, based on my past experience, could stimulate movement toward a satisfactory conclusion.

While completing defendant's discovery questions and our research of the true state of the defendants' waterproofing business and preparing a focused set of discovery questions relating to the actual disposition of Premier Waterproofing, the parties should be able to participate in serious, in person, settlement discussions as previously urged.

I look forward to such a conference while committing to complete the overdue written discovery.

Respectfully,
Katz & Dougherty, LLC

By: George T. Dougherty, Esq.