## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Jeffrey Heldman, Esq. (013302012)
VAZQUEZ HELDMAN LLC
18 Hook Mountain Road, Suite 201
Pine Brook, New Jersey 07058
(973) 434-7062
Attorneys for Defendants Premier Waterproofing
LLC, Sam Shear, and Mike Winberg

| | |
|---|---|
| LARAINE CONTE and JANET GUARINO, | Civil Action No.: 3:20-cv-16458 |
| Plaintiffs, | |
| vs. | |
| SAM SHEAR and MIKE WINBERG Individually and as Principals, Managers of defendant PREMIER WATERPROOFING LLC, PABLO COLON, Individually and as former managerial employee of SAM SHEAR and MIKE WINBERG, Principals of PREMIER WATERPROOFING, LLC, and as Principal or Manager of NEW PREMIER WATERPROOFING, LLC, SUCCESSOR TO PREMIER WATERPROOFING, LLC, and JOHN DOE and ABC CO., | **ANSWER TO THIRD AMENDED COMPLAINT WITH COUNTERCLAIMS and THIRD-PARTY COMPLAINT** |
| Defendants. | |
| PREMIER WATERPROOFING LLC, SAM SHEAR and MIKE WINBERG, | |
| Third-Party Plaintiffs, | |
| vs. | |
| TERRI GUARINO, GREENSKY SERVICING, LLC, GREENSKY, LLC and JOHN DOES, ESQ. (1-5), | |
| Third-Party Defendants. | |

Defendants Premier Waterproofing LLC, Sam Shear, and Mike Winberg ("Defendants"),

by way of answer to Plaintiffs' third amended complaint, say as follows:

## GENERAL ALLEGATIONS PERTINENT TO ALL COUNTS

1.      Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

2.      [1]Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

3.      Defendants deny the allegations contained in this paragraph.

4.      Defendants deny the allegations contained in this paragraph.

2.      [2]The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required.

3.      Defendants deny the allegations contained in this paragraph.

4.      Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

5.      Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

6.      Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

7.      Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

8.      Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

9.      Defendants deny the allegations contained in this paragraph.

---

[1] There are two Paragraph 2, 3 and 4 in Plainitffs' Third Amended Complaint.
[2] There are two Paragraph 2, 3 and 4 in Plainitffs' Third Amended Complaint.

10.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph. To the extent a response is required the contents of this paragraph are denied.

11.     Defendants deny the allegations contained in this paragraph.

12.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

13.     Defendants admit there was visible mold growth on basement items but deny using the term "expert" and further deny the remaining allegations of this paragraph.

14.     Defendants admit Conte could have saved whatever items she wanted to but deny the remaining allegations of this paragraph.

15.     Defendants admit and agree that the basement was disgusting and in deplorable condition, rife with feces and mold growth on stored items, however deny that a "hazmat" suit was required or offered to Plaintiffs.

16.     Defendants deny the allegations contained in this paragraph.

17.     This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

18.     This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

19. This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

20. Defendants admit the contract was presented to Plaintiffs as early as February 22, 2018 however deny the remaining allegations in this paragraph.

21. Defendants admit the allegations contained in this paragraph.

22. Defendants admit that Guarino submitted signed agreements however deny the remaining allegations in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. Defendants admit the basement was in deplorable condition however deny the remaining allegations in this paragraph.

25. Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph because the main focus of this paragraph is Conte's state of mind. To the extent a response is required, Defendants deny this paragraph.

26. Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph because the main focus of this paragraph is Conte's state of mind. To the extent a response is required, Defendants deny this paragraph.

27. Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph because the main focus of this paragraph is Conte's state of mind. To the extent a response is required, Defendants deny this paragraph.

28. Defendants deny the allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

30.     Defendants deny the allegations contained in this paragraph.

31.     Defendants deny the allegations contained in this paragraph.

32.     Defendants deny the allegations contained in this paragraph.

33.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

34.     Objection as the allegations in this paragraph flow from lies, misrepresentations and fabrications of Plaintiffs and/or their counsel, making it an impossibility to respond to the allegations in this paragraph without entrapping defendants.

35.     Defendants deny the allegations contained in this paragraph.

36.     Defendants deny the allegations contained in this paragraph.

37.     Defendants deny the allegations contained in this paragraph.

38.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph because the main focus of this paragraph is Plaintiffs' state of mind. To the extent a response is required, Defendants deny this paragraph.

39.     Defendants deny the allegations contained in this paragraph.

40.     Defendants deny the allegations contained in this paragraph.

41.     Defendants admit Shear was the owner of Premier Waterproofing LLC and that this was Shear's first visit to Conte's house, however neither confirm or deny the specific date of the first meeting.

42.     Defendants deny the allegations contained in this paragraph.

43.     Defendants admit the allegations contained in this paragraph.

44.     Defendants admit they provided upgraded wall paneling to Plaintiffs however deny the remaining allegations in this paragraph.

45.     Defendants admit they returned to address an issue pursuant to homeowner's complaint but deny the remaining portions of this paragraph.

46.     Defendants deny the allegations contained in this paragraph.

47.     Defendants deny the allegations contained in this paragraph.

48.     Defendants admit there was an accord and satisfaction of the underlying contract with its performance of extraneous work but deny the remaining portions of this paragraph.

49.     Defendants deny the allegations contained in this paragraph.

50.     Defendants deny the allegations contained in this paragraph.

51.     Defendants deny the allegations contained in this paragraph.

52.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

53.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

54.     This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

55.     Defendants deny the allegations contained in this paragraph.

56.     Defendants deny the allegations contained in this paragraph.

57.     Defendants deny the allegations contained in this paragraph. It is noted that the exhibit referenced in this paragraph was not been provided with the filing of the amended pleading.

58.     Defendants admit that Winberg discussed finance charges with Guarino however deny the remaining allegations in this paragraph.

59.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

### COUNT I

60.     This is an incorporation paragraph to which no response is required.

61.     Defendants deny the allegations contained in this paragraph. It is noted that the exhibit referenced in this paragraph was not been provided with the filing of the amended pleading.

62.     Defendants deny the allegations contained in this paragraph.

63.     Defendants deny the allegations contained in this paragraph.

64.     As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' complaint, entering judgment in favor of the Defendants, and awarding Defendants attorney fees and costs of suit.

### COUNT II

65.     This is an incorporation paragraph to which no response is required.

66.     The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

67.     Defendants deny the allegations contained in this paragraph.

68.     Defendants deny the allegations contained in this paragraph.

69.     Defendants deny the allegations contained in this paragraph.

[3]69.     Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' complaint, entering judgment in favor of the Defendants, and awarding Defendants attorney fees and costs of suit.

## COUNT III

70.     This is an incorporation paragraph to which no response is required.

71.     This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

72.     Defendants deny the allegations contained in this paragraph.

73.     Defendants admit that Conte paid zero dollars ($0.00) for the work performed by Premier Waterproofing LLC and that Guarino entered into an agreement with GreenSky for funding, however Defendants deny the remaining allegations in this paragraph.

74.     As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

75.     This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

---

[3] There are two Paragraph 69 in Plainitffs' Third Amended Complaint.

76.     Defendants deny the allegations contained in this paragraph.

77.     The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

78.     The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

79.     As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs. It is noted that the exhibit referenced in this paragraph was not been provided with the filing of the amended pleading.

80.     Defendants deny the allegations contained in this paragraph.

81.     Defendants neither admit nor deny the allegations of this paragraph, and will rely upon the contents of the document referred to by the Plaintiffs in response to the allegations contained in this paragraph. It is noted that the exhibit referenced in this paragraph was not been provided with the filing of the amended pleading.

82.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

83.     Defendants deny the allegations contained in this paragraph.

84.     The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

85.     Defendants deny the allegations contained in this paragraph.

86.     Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' complaint, entering judgment in favor of the Defendants, and awarding Defendants attorney fees and costs of suit.

## COUNT IV

87.     This is an incorporation paragraph to which no response is required.

88.     Defendants deny the allegations contained in this paragraph.

89.     Defendants admit that at any point Conte could have saved items from her basement but deny the remaining allegations contained in this paragraph.

90.     Defendants admit that the basement was in deplorable condition but deny the remaining allegations contained in this paragraph.

91.     Defendants admit that Conte signed the Premier Contract but deny the remaining allegations contained in this paragraph.

92.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph..

93.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph.

94.     Defendants do not possess sufficient knowledge to either admit or deny the allegations contained in this paragraph..

95.     Defendants deny the allegations contained in this paragraph.

96.     Objection as the allegations in this paragraph flow from lies, misrepresentations and fabrications of Plaintiffs and/or their counsel, making it an impossibility to respond to the allegations in this paragraph without entrapping defendants.

97.     The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

98.     Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' complaint, entering judgment in favor of the Defendants, and awarding Defendants attorney fees and costs of suit.

## **COUNT V**

99.     This is an incorporation paragraph to which no response is required.

100.    Defendants deny the allegations contained in this paragraph.

101.    Defendants deny the allegations contained in this paragraph.

102.    Defendants deny the allegations contained in this paragraph.

103.    Defendants deny the allegations contained in this paragraph.

104.    Defendants deny the allegations contained in this paragraph.

105.    Defendants deny the allegations contained in this paragraph.

106.    Defendants deny the allegations contained in this paragraph.

107.    Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' complaint, entering judgment in favor of the Defendants, and awarding Defendants attorney fees and costs of suit.

## **COUNT VI**

108.    This is an incorporation paragraph to which no response is required.

109.   The allegations contained in this paragraph are not factual in nature, but express a statement of law or legal opinion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

110.   Defendants deny the allegations contained in this paragraph.

111.   Defendants deny the allegations contained in this paragraph.

112.   As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

113.   As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

114.   As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

115.   As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

116.   This paragraph, as pleaded, violates Fed. R. Civ. P. 8(d)(1) because it is not simple, concise or direct, and contains more than one fact which cannot be answered in a simple, concise or direct manner, and thus requires no response. To the extent a response is required, allegations in this paragraph are denied.

117.    As the allegations in this paragraph are not directed to these Defendants, the Defendants neither admit nor deny the allegations contained therein and leave Plaintiffs to its proofs.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' complaint, entering judgment in favor of the Defendants, and awarding Defendants attorney fees and costs of suit.

## <u>SEPARATE/AFFIRMATIVE DEFENSES</u>

1.    Plaintiffs submitted an insurance claim for the damages alleged in their complaint and were mad whole.

2.    Plaintiffs breached the contract sued upon.

3.    Any damages claimed by the Plaintiffs under the alleged breach of contract are completely offset by damages sustained by Defendants pursuant to Plaintiffs' breach of contract.

4.    New Jersey's Consumer Fraud Act is unconstitutional.

5.    Defendants assert the defense of accord and satisfaction.

6.    Plaintiffs failed to comply with conditions necessary to a recovery under the contract.

7.    This suit cannot lie because Plaintiffs failed to comply with a material condition of the contract.

8.    Plaintiffs' willful disregard of material terms and conditions of the contract entitle Defendant to exemplary damages.

9.    Plaintiffs failed to take steps to mitigate damages.

10.    These Defendants assert the Statute of Frauds as a bar to Plaintiffs' recovery.

11.     Defendants are entitled to defenses provided under the Uniform Commercial Code.

12.     Defendants assert the doctrines of waiver, laches, estoppel, and unclean hands.

13.     Defendants assert as a complete bar to any and all relief sought by Plaintiffs the applicable statute of limitations and/or the entire controversy doctrine.

14.     Defendants assert lack of jurisdiction over the person and lack of jurisdiction over the subject matter, and improper service of process.

15.     Defendants deny any wrongful, tortious act in any way whatsoever.

16.     Plaintiffs have failed to set forth a cause of action upon which relief may be granted.

17.     Plaintiffs breached their obligation of good faith and fair dealing and, therefore, the complaint must be dismissed.

18.     Defendants reserve the right to move for a more definite statement.

19.     Defendants assert any and all rights that may exist involving contractual and common law indemnification with parties to this action and other third parties, as well as others unknown at this time.

20.     If applicable, Defendants reallege and sets forth each and every defense heretofore or hereafter pleaded by any other party to this action as if more specifically set forth at length herein.

21.     Defendants reserve the right to add additional defenses based upon pre-trial discovery and such information as may become hereafter available.

## AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

By way of counterclaims against Plaintiffs Larraine Conte and Janet Guarino (together as "Plaintiffs"), and by way of third-party complaint against Terri Guarino, Greensky Servicing LLC, Greensky LLC, and John Does, Esq. (1-5), Defendants/Third-party Plaintiffs, Premier Waterproofing LLC, Sam Shear, and Mike Winberg (together as "Defendants"), state as follows:

## THE PARTIES

1.     At the time that the construction services complained of in the Complaint were rendered, Premier Waterproofing LLC ("Premier Waterproofing") was a for-profit business entity duly formed and domesticated in Pennsylvania, and duly registered to do business in New Jersey under registration number 0400350025.

2.     At the time that the construction services complained of in the Complaint were rendered, Premier Waterproofing was registered in New Jersey as a Home Improvement Contractor with license number 13VH05770200.

3.     At the time that the construction services complained of in the Complaint were rendered, Larraine Conte ("Conte") was the owner in fee simple, as well as resided at, 78 Wilburtha Road, Ewing, New Jersey.

4.     Conte was sued in 2007 by HSBC Bank for delinquency of her account, and sued again in 2017 for causing a motor vehicle accident and personal injuries stemming therefrom.

5.     At the time that the construction services complained of in the Complaint were rendered, Janet Guarino  ("Janet") was an individual residing at 118 Crosswicks Street, Fl. 2, Bordentown, New Jersey.

6.     Janet filed for bankruptcy protection in 2004.

7.  At the time that the construction services complained of in the Complaint were rendered, Terri Guarino ("Terri") was, upon information and belief, an individual residing in Mercer County, New Jersey.

8.  Conte, Janet and Terri are sisters and well acquainted with the legal system.

9.  Greensky Servicing LLC and Greensky, LLC ("Greensky"),  is registered as a foreign business with the State of New Jersey, with a registered agent, National Registered Agents, Inc., 820 Bear Tavern Road, West Trenton, New Jersey 08628. Greensky's main business address is listed as 5565 Glenridge Connector, Suite 700, Atlanta, Georgia 30342.

10.  The New Jersey Division of Revenue has revoked/suspended Greensky, LLC's State registration for a failure to file its annual report for two consecutive years.

11.  On information and belief, third-party defendant John Does, Esq. (1-5) are fictitious names for attorneys whose identity are presently unknown.

## BACKGROUND

**Premier Waterproofing LLC**

12.  At the time that the construction services complained of in the Complaint were rendered, Sam Shear  ("Shear") was a member and manager of Premier Waterproofing.

13.  At the time that the construction services complained of in the Complaint were rendered, Mike Winberg ("Winberg") was not a member or manager of Premier Waterproofing.

14.  At the time that the construction services complained of in the Complaint were rendered, Pablo Colon ("Colon") was not a member or manager of Premier Waterproofing.

15.  Premier Waterproofing had more than thirty years of unblemished experience, never before being sued, and never before having any serious complaints from a customer.

16.     Premier Waterproofing had performed basement waterproofing for various judges, federal law enforcement agents, members of the bar, doctors, and countless other individuals.

17.     Premier Waterproofing had an almost 5-star rating with multiple online home improvement advisory websites.

18.     Since about 2019/2020, Premier Waterproofing no longer performs any construction services because it has been shuttered.

**The Conte Home and the Basement Clean-Out**

19.     Prior to February 16, 2018, Conte owned a home with a basement which had prior sewage discharges and ongoing water intrusion issues.

20.     At some time in the weeks prior to Premier Waterproofing servicing the Conte home, there had been a raw sewage discharge into the basement of the home which left much of the floor, and the contents touching the floor, contaminated with feces and other sewage.

21.     On or about February 16, 2018, Conte entered into a contract for services with Premier Waterproofing.

22.     The terms of the contract between Premier Waterproofing and Conte states, that a "20 yard dumpster" would be staged at the property to be used to "remove all contaminates / moldly items" from the basement.

23.      Additional terms of the contract, under the "Exclusions", state, "[w]e are not responsible and do not guarantee any damage to personal property or items in the basement."

24.     On the day Premier Waterproofing's work began at the Conte home, the workers were let into the home by Conte and/or Janet and/or Terri.

25.     Conte and/or Janet and/or Terri directed the workers to the basement and assisted in identifying the contents to be discarded from the basement.

26.     Conte and/or Janet and/or Terri separated an approximate ten-foot by ten-foot wide pile of items to be excluded from the clean-out process which included a piano, guitars, pictures, etc.

27.     The remaining contaminated basement contents were then cleared out from the basement and placed into the dumpster.

28.     The dumpster was hauled away by the dumpster company and the contents discarded into some unknown landfill.

29.     At no time contemporaneous to the date of the basement clean-out occurred did Conte call the police or make a police report regarding missing property or a heist.

30.     At no time contemporaneous to the date of the basement clean-out did Conte suffer from a disability, handicap or other physical impairment which prevented her from doing as she pleased in her home, with her own personal property.

31.     At the time construction services were rendered to Conte, there were no objections or complaints made by Plainitffs.

**The Conspiracy by Plaintiffs and Third-Party Defendants**

32.     The concept of a heist committed by Defendants against Plaintiffs is completely fabricated by Plaintiffs and/or John Does, Esq. (1-5).

33.     Only after work was completed by Premier Waterproofing did Conte, Janet and Terri begin a coordinated campaign of threats and extortion seeking additional services.

34.     At first Conte and/or Janet and/or Terri threatened to report Premier Waterproofing to the local police.

35.     Subsequent threats from Conte and/or Janet and/or Terri included filing "criminal charges" against Premier Waterproofing and Shear.

36.     Conte and/or Janet and/or Terri made demands of Premier Waterproofing to participate in an insurance fraud scheme whereby Conte and/or Janet and/or Terri prepared a written list of fabricated basement contents which they were willing to submit to Conte's homeowners insurance to seek a monetary windfall. Annexed hereto as "**Exhibit 1**" is a true copy of their handwritten list.

37.     Premier Waterproofing rejected participating in the illegal scheme request by Conte, Janet and Terri.

38.     Conte then demanded Premier Waterproofing perform additional construction services in satisfaction of the Parties original contract.

39.     Upon belief that additional services would satisfy its obligations pursuant to the contract, Premier Waterproofing, by and through Shear, provided upgraded basement insulation and wall covering in the Conte home.

40.     Next, upon belief that additional services would satisfy its obligations pursuant to the contract, Premier Waterproofing, by and through Shear, rerouted the Conte home's gutters, down spouts, and sealed the front porch.

41.     Finally, upon belief that additional services would satisfy its obligations pursuant to the contract, Premier Waterproofing, by and through Shear,  rebuilt Conte's concrete patio.

42.     Tiring of Conte, Janet and Terri's coordinated campaign of threats and harassment, on or about August of 2018 Premier Waterproofing sent written correspondence affirming all work had been completed pursuant to the contract between it and Conte, and the job at the Conte home was complete.

**Greensky LLC**

43.     The word "Greensky" is a registered trademark currently owned by Greensky, LLC.

44.     The New Jersey Attorney General investigated Greensky Servicing, LLC for consumer fraud in its offering of the "Greensky Program" to consumers for loans to pay for home improvements.

45.     On June 9, 2017 an Assurance of Voluntary Compliance was entered into by Greensky and the State.

46.     Greensky was prohibited from "engag[ing] in any unfair or deceptive acts or practices in the conduct of its business in the State . . .."

47.     This prohibition applies to Greensky's conduct to consumers, i.e., borrowers, and contractors.

48.     After Conte was presented a written contract for the services to be rendered by Premier Waterproofing, she claimed to not have the ability to pay for same.

49.     However, Conte volunteered her sister, Janet, to seek a home improvement loan from Greensky.

50.     Janet then contracted with Greensky and entered into terms pursuant to writings between herself and Greensky.

51.     Janet was approved for up to a $30,000 loan.

52.     Janet and Greensky selected a program with a low interest, however Greensky charges a fee, similar to a "points" system, to purchase down the interest rate, and in this particular case assessed a $4,062.50 cost to purchase down the interest rate.

53.     Instead of billing the consumer for purchasing down their interest rate, Greensky illicitly assessed this fee against Premier Waterproofing.

54.     Premier Waterproofing did not enter into a contract to borrow funds from Greensky.

55.     Janet expected Premier Waterproofing to pay this $4,062.50 cost to purchase down her interest rate, which forms the basis of her complaint against Premier Waterproofing.

56.     In the end, Greensky was paid that  $4,062.50 by Premier Waterproofing.

57.     Thus Greensky is the entity that made out like bandit. Greensky gets interest on Janet's outstanding balance over the course of 144 months, while billing Premier Waterproofing $4,062.50 for Janet borrowing money.

58.     Such a shell game violates the June 9, 2017 Assurance of Voluntary Compliance it entered into with the State.

59.     On February 26, 2018 Janet completed a survey for Greensky which, upon information and belief, recorded a positive experience with Premier Waterproofing.

60.     On March 12, 2018, Greensky allegedly completed its merchant monitoring of Janet because she was a vulnerable population over sixty years of age.

61.     After all the services were completed by Premier Waterproofing, Janet began coordinating with Greensky and its managers, employees and/or agents on how to evade her obligation for making payment for construction services rendered to the Conte home.

62.     Greensky aided and abetted Janet whenever she called to inquire about her delinquent account.

63.     Janet would call Greensky representatives who, in turn, would give her advice on ways to challenge a home improvement services contract.

64.     For example, on November 12, 2018 - the first instance Janet calls Greensky regarding Premier Waterproofing's work - Janet, upon information and belief, inquired of Greensky's agent how she could challenge payment made to a contractor.

65.     Upon information and belief, Janet did not make payment in full to Greensky for the monies she borrowed.

66.     Upon information and belief, Greensky has conspired with Janet to prevent Premier Waterproofing from keeping its contractual expectancy.

## **FIRST COUNT**
**(Conspiracy)**
**(Conte, Janet, Terri, Greensky, John Does, Esq. (1-5))**

67.     Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

68.     Conte, Janet, and Terri agreed to act in concert to defraud Premier Waterproofing.

69.     Prior to meeting Premier Waterproofing, Conte entered into a contract for basement waterproofing services with non-party Aqua Dry Basement Waterproofing ("Aqua Dry") in the amount of $19,000.

70.     Conte submitted a deposit to Aqua Dry to secure that agreement.

71.     However, Conte knew she could not afford to pay Aqua Dry for its services and did not want to lose her deposit monies.

72.     Therefore, Conte, Janet, and Terri colluded and agreed to a scheme whereby Premier Waterproofing would be their mark.

73.     Present at that meeting with the sisters was John Does, Esq (1-5).

74.     Although under contract with Aqua Dry, Conte contacted Premier Waterproofing to review her basement's water intrusion issue.

75.     Terri promised Conte, who accepted, that she would provide favorable eyewitness testimony support.

76.     Conte next requested Janet, who agreed to the request, to submit a financing application to non-party GreenSky, using phone lines to transmit a financial application knowing same was to further a fraudulent scheme.

77.     John Does, Esq. (1-5) advised and counseled the sisters how to proceed with splitting the roles of home owner and borrower of third-party funds for the project, in order to create confusion.

78.     Janet submmited the financial application knowing that the three sisters were working to extort further services from Premier Waterproofing.

79.     After approval by Greensky of Janet's application, Greensky, by and through it agents, advised and encouraged Janet how to evade her payment obligations by filing suit against the home improvement contractor.

80.     Conte, Janet, Terri and Greensky acted in concert, agreed to defraud Premier Waterproofing, causing injury and damage, and took proactive steps to inflict the harm.

**WHEREFORE**, Premier Waterproofing demands judgment against the Conte, Janet, Terri and Greensky, jointly and severally, as follows:

a.      Compensatory damages;
b.      Incidental damages;
c.      Consequential damages;
d.      Restitution;
e.      Attorney fees;
f.      Interest;
g.      Costs of suit; and
h.      Any other relief that this Court deems equitable and just.

**SECOND COUNT**
**(Interference with a Contractual Expectancy)**
**(Janet, Greensky)**

81.     Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

82.     Premier Waterproofing entered into a written contract for services with Conte and Janet.

83.     Janet entered into an agreement with Conte for her role in securing funding to pay for Conte's home repairs.

84.     Janet entered into a written contract with Greensky to finance the payment of the construction services rendered by Premier Waterproofing to Conte.

85.     Premier Waterproofing had a reasonable expectation to profit on the rendered construction services.

86.     By and through Premier Waterproofing's profit, Shear would too share in the profits as a member of the company.

87.     Conte, Janet and Greensky had knowledge that Premier Waterproofing was a for-profit business and was expecting a profit for work performed to Conte's home.

88.     Janet indicated her willingness to void her obligation of payment to Premier Waterproofing, thereby breaching her contract with Conte, and interfering with the contractual expectancy of Premier Waterproofing and Shear.

89.     Greensky improperly and incorrectly informed Janet she was taken advantage of by Premier Waterproofing.

90.     Through the actions of Janet, as set forth in this pleading, Janet has wrongfully and without justification interfered with Premier Waterproofing's expectancy of economic advantage or benefit.

91.     Through the actions of Greensky, as set forth in this pleading, Greensky has wrongfully and without justification interfered with Premier Waterproofing's expectancy of economic advantage or benefit.

92.     Through the actions of Janet, as set forth in this pleading, Janet has wrongfully and without justification interfered with Shear's expectancy of economic advantage or benefit.

93.     Through the actions of Greensky, as set forth in this pleading, Greensky has wrongfully and without justification interfered with Shear's expectancy of economic advantage or benefit.

94.     In the absence of the Janet's wrongful actions, Premier Waterproofing would have realized an economic advantage.

95.     In the absence of the Greensky's wrongful actions, Premier Waterproofing would have realized an economic advantage.

96.     In the absence of the Janet's wrongful actions, Shear would have realized an economic advantage.

97.     In the absence of the Greensky's wrongful actions, Shear would have realized an economic advantage.

98.     Premier Waterproofing and Shear have suffered great damage as a result of Janet's and Greensky's actions.

**WHEREFORE**, Premier Waterproofing demands judgment against Janet and Greensky, jointly and severally, as follows:

a.     Compensatory damages;
b.     Incidental damages;
c.     Consequential damages;
d.     Restitution;
e.     Attorney fees;
f.     Interest;

g.    Costs of suit; and

h.    Any other relief that this Court deems equitable and just.

## THIRD COUNT
### (Unjust Enrichment)
### (Conte)

99.    Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

100.    Premier Waterproofing provided extensive basement waterproofing services to Conte including, but not limited to, the following:

a) cleaned out Conte's basement; and,

b) waterproofed her home's basement.

101.    Upon information and belief the Conte basement does not suffer from water intrusion since the work performed by  Premier Waterproofing.

102.    Premier Waterproofing provided additional construction services to Conte in accordance and satisfaction of the underlying contract for waterproofing services.

103.    Premier Waterproofing provided additional construction services to Conte under threat and duress.

104.    The additional construction services included, but are not limited to, the following:

a) Premier Waterproofing provided upgraded basement insulation and wall covering in the Conte home.

b) Premier Waterproofing rerouted the Conte home's gutters, down spouts, and sealed the front porch.

c) Premier Waterproofing completed the concrete patio at the Conte home.

105.    Presently, Conte is trying to void the parties contract for basement waterproofing services.

106.    No payment was ever tendered from Conte for the above additional services performed.

107.    As a direct and proximate result of the foregoing, Conte has been unjustly enriched and Premier Waterproofing has been severely damaged.

**WHEREFORE**, Premier Waterproofing demands judgment against Conte as follows:

a.    Compensatory damages;
b.    Incidental damages;
c.    Consequential damages;
d.    Restitution;
e.    Attorney fees;
f.    Interest;
g.    Costs of suit; and
h.    Any other relief that this Court deems equitable and just.

### FOURTH COUNT
### (Breach of Contract)
### (Conte, Janet)

108.    Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

109.    Subsequent to the construction services rendered to Conte's home, Conte complained of the performance of same.

110.    In agreement with Conte, Premier Waterproofing rendered additional construction services to Conte's home in an accord and satisfaction for her complaints:

a) Premier Waterproofing provided upgraded basement insulation and wall covering in the Conte home.

b) Premier Waterproofing rerouted the Conte home's gutters, down spouts, and sealed the front porch.

c) Premier Waterproofing completed the concrete patio at the Conte home.

111.    Upon information and belief, Conte hid these services and information from Janet.

112.    Upon information and belief, Conte did not inform Janet of her agreement with Premier Waterproofing forming the accord and satisfaction.

113.    Presently, Janet seeks to annul her payment obligation to Premier Waterproofing.

114.    The actions of conduct of Conte is a breach of contract.

115.    The actions of conduct of Janet is a breach of contract.

116.    Premier Waterproofing has been severely damaged due to Conte's and Janet's breaches.

**WHEREFORE**, Premier Waterproofing demands judgment against Conte and Janet, jointly and severally, as follows:

> a.    Compensatory damages;
> b.    Incidental damages;
> c.    Consequential damages;
> d.    Restitution;
> e.    Attorney fees;
> f.    Interest;
> g.    Costs of suit; and
> h.    Any other relief that this Court deems equitable and just.

## FIFTH COUNT
### (Breach of the Doctrines of Good Faith and Fair Dealing)
### (Conte, Janet, Greensky)

117.    Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

118.    The aforementioned actions of Conte, Janet and Greensky constitute a breach of the implied covenant of good-faith and fair dealing.

119.    As a direct and proximate result of Conte's, Janet's and Greensky's breach of the implied covenant of good-faith and fair dealing, Defendants have been severely damaged.

**WHEREFORE**, Defendants demand judgment against Conte, Janet and Greensky, jointly and severally, as follows:

a.   Compensatory damages;
b.   Incidental damages;
c.   Consequential damages;
d.   Restitution;
e.   Attorney fees;
f.   Interest;
g.   Costs of suit; and
h.   Any other relief that this Court deems equitable and just.

## SIXTH COUNT
### (Defamation)
### (Conte, Janet, John Does, Esq. (1-5))

120.   Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

121.   This lawsuit undertaken by Plaintiffs and John Does, Esq. (1-5) lies so far outside the metes and bounds of acceptable pleadings that it has become defamatory *per se*.

122.   In multiple counts in the Third Amended Complaint, Plaintiffs maliciously wrote and published libelous, false, malicious, scandalous and defamatory words of and concerning the Mike Winberg to wit:

a) that "Winberg observed that plaintiff's husband, Mark, was on continuous oxygen for a chronic medical condition and began to exploit Mr. Conte's medical condition to create an exaggerated sense of urgency . . .."

b) that "while seated at a table with plaintiff and her husband, defendant Winberg stressed his point that their basement: remediation needed to be done immediately or 'Mark's cancer could come back and Mark could become ill again.'"

c) that "Winberg's false material representations of the dangerous condition of their home combined with his false promises to protect the plaintiff's interests . . ."

123.   Said Third Amended Complaint was published onto the Internet by and through PACER, and is publicly accessible by any other person.

124.    The words aforesaid tended to blacken and injure the honesty, integrity, morality and reputation of Winberg individually and professionally, and to thereby expose him to public and private contempt and ridicule, and to injure and damage his ability to function in his personal and professional positions.

125.    Winberg further states that said words so written by the Plaintiffs and their counsel were and are utterly false, and Plaintiffs and their counsel had knowledge of such falsity and/or acted with reckless disregard for the truth or falsity of such statements.

126.    By reason of the acts of the Plaintiffs and their counsel aforesaid, in and about the writing and publishing of the said false, malicious and slanderous words and statements, Winberg was and is greatly and permanently injured and damaged in his good name and reputation, both personally and in a professional capacity, and was and is exposed to public and private contempt, hatred and ridicule, and has been further damaged in his ability to perform his duties as a salesman of basement waterproofing and other construction services.

**WHEREFORE**, Winberg demands judgment against Conte, Janet and John Does, Esq. (1-5), jointly and severally, for compensatory (actual and emotional distress), nominal damages (libel *per se*) and punitive damages, together with interest and costs of suit.

**SEVENTH COUNT**
**(Intentional Infliction of Emotional Distress)**
**(Conte, Janet, John Does, Esq. (1-5))**

127.    Defendants repeat and reiterate each and every allegation contained in the prior paragraphs and make each a part hereof.

128.    This lawsuit stems from a conspiracy hatched by Conte, Janet, and Terri, and involving Greensky and John Does, Esq. (1-5).

129.    This lawsuit undertaken by Plaintiffs is the ultimate revenge plot against the Defendants.

130.    Upon information and belief, Plaintiffs are not paying their current counsel.

131.    In fact, Conte alleged she could not afford to pay for home improvement in 2018 and therefore it would be outside the normal course for her to be able to afford counsel to draft a *Third* Amended Complaint that is *thirty-eight pages* in length.

132.    This    Third    Amended    Complaint    is    replete    with    lies,    falsehoods, misrepresentations, and fabrications.

133.    In multiple paragraphs in the Third Amended Complaint, Plaintiffs maliciously wrote and published false statements and words of and concerning Sam Shear and his company Premier Waterproofing, to wit:

a)  that Shear "[o]perat[ed] secretly and contrary to the express wishes of the plaintiff and . . . Shear unlawfully allowed, and permitted their employees or agents to remove" personal property without permission, in essence stealing said property.

b) that Shear and Premier Waterproofing engaged in "unlawful business practice pursuant to the Division of Consumer Affairs Home Improvement Practices regulation . . .".

c)  that Shear operated an unregistered and/or unlicensed construction company, which are demonstrably false statements, and John Does, Esq. (1-5) know same to be false.

134.    The statements and allegations contained in the Third Amended Complaint are intentional and outrageous conduct perpetrated by Plaintiffs with and through counsel.

135.    Prior to the filing of this litigation, Shear was mentally healthy and physically strong.

136.    However, after the filing of this lawsuit and the months of litigation involving the false claims and fabricated allegations contained therein, Shear began to suffer.

137.    Mentally, Shear was broken.

138.    Physical aliments began to manifest in Shear.

139.    The distress was so severe that Shear had to be hospitalized and treated for his mental and physical aliments.

140.    Premier Waterproofing was shuttered and lost its entire value, thereby preventing Shear from selling the company.

141.    By reason of the acts of the Plaintiffs and their counsel aforesaid, in and about the writing and publishing of the said false, malicious and slanderous words and statements, Shear was and is greatly and permanently injured and damaged.

**WHEREFORE**, Shear demands judgment against Conte, Janet and John Does, Esq. (1-5), jointly and severally, for compensatory (actual and emotional distress), nominal damages, and punitive damages, together with interest and costs of suit.

VAZQUEZ HELDMAN

By:    _____
                JEFFREY HELDMAN, ESQ.
                Attorneys for Defendants

Dated: April 19, 2024

# EXHIBIT 1

Premier took out -

1. Marks Yamaha Keyboard — 1200
2. Marks Keyboard stand — 200
3. Marks piano bench — 250
4. Sony Stereo, DVD player and cassette player — 1,500
5. CD Burner Panasonic — 100
6. leather top bar w wood tabletop 4 k 1/2 H — 3,200
7. VCR - panasonic — 100 ?
8. Lazy-Boy Navy Blue Recliner -electric — 1,900 on Sale
9. 4 pieces wilenty Pullman luggage — 800 on Sale
10. 2 Satchels for on airplane - Michael Kors + Kate Spade — 700
11. Wicker - white armoire - Extension Patio — 700.
12. Wicker- white Settee (Sofa) w Chintz fabric pollis — 900.
13. 4 pillows to match chintz padding on Sofa — 200
14. white wicker 60" round table w plexiglass top — 600
15. white wicker coffee table — 400
16. 6' foot white Xmas tree w lights attached — 200
17. 4 plastic tubs holding Xmas stocking,
    ornaments from around the world; Xmas
    dees for windows — 700
18. 5 Murano-Hand-painted Xmas balls
    from Venice Italy — 150.
19. 2 Big Plastic Tubs 2" deep filled with
    Xmas candles plus Xterior cords — 300
20. 8 piece place setting 9 "solitaire" china
    each indivually wrapped. — 1400
21. 8 pc Lenox champagne-tented hand wrapped
    in large box on Workman's table — 800
22. 2 end tables - "Brown Hill" white solid wood — 600.
23. one Santa Claus 4 feet that lights up — 80.
24. one white wired Reindeer w lights — 99
    one white reindeer w antlers w lights — 99
25. one floral Xmas arrangement from Stocows
    living in Lahaska Pa — 400.
26. one make-up mirror w lights all around — 300.

27  Workman's table 10'X 22" aluminum
    w shelves underneath                    400.

28  peg board 4' X 16' that held all my
    outside X-Mas lights & heavy
    extension cords                         400

29  pegboard 4' X 10' that held indoor-
    outdoor plus bush lights                400.

30  Rolled brand-new (never opened)
    wrapped in plastic + sitting on chairs
    in Barber blue 10'X 18' 42oz/H          1500.

31  2 Runners 2'x 8'h Karistan             800
32  2 area Rugs 4' X' 6'                    300
33  one pair of Capezio Tap Shoes          100.
    in plastic

34  one Battery for John Deer Tractor
    placed on Wicker sofa                   75.

35  Trampoline - Pink                       200
36  Exercise bike                           200
37  Electric Drill in carring Plastic Case
    from Sears                              100

38  all Mark's albums Beatles, Stones
    Hendix, Kinks Doors                    Priceless

39  10 Yards of Red Taffeta silk from
    Discountfioins                          200.

40  One glass table that held Mark's Volcanic
    Lamp Lamp                               249

41  one Lamp                                100
42  one Volcanic Lava lamp                  50

43  all Mark "Life in Black & White -
    all framed under glass                 Priceless

44  all Mark' collages (collages) from
    his trips around the world             Priceless

45  Kenmore Gas Dryer that worked          600.
46  Walnut 90" round table                 700

47 wrought iron - ribbon Stand
to 5 Rolls of 100 yd ribbons          500.
48 2 tall plastic chairs holding
10 Rolls of wrapping paper
and gift - tissue paper          500.
49 port-a potty
50 wheelchair
51 walker                         } priceless
52 white shower stool w arms
53 paper cutter and garbage can