UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

George T. Dougherty, Esquire (247791969)
KATZ & DOUGHERTY, LLC
4020 Quakerbridge Road
Trenton, New Jersey 08619
609-587-1199
Attys for Laraine Conte
and Janet Guarino

| | |
|---|---|
| LARAINE CONTE and JANET<br><br>Plaintiffs,<br><br>Vs.<br><br>SAM SHEAR and MIKE WINBERG, Individually And as Principals, Managers of defendant PREMIER WATERPROOFING, LLC; and JOHN DOE and ABC CO. | Civil Action<br>Dkt. No: 3:20-cv-16458--ZNQ-TJB<br><br><br><br>NOTICE OF MOTION |
| LARAINE CONTE and JANET GUARINO,<br><br>Plaintiffs,<br><br>Vs.<br>PABLO COLON, Individually and as President of defendant NEW PREMIER WATERPROOFING, LLC; and JOHN DOE and ABC CO. | |

TO:   Jeffrey Heldman, Esq.
      Vasquez Heldman
      18 Hook Mountain Road
      Suite 201
      Pine Brook, NJ  07058

NOTICE OF MOTION TO STRIKE PREMIER WATERPROOFING'S APRIL 19, 2024, PROPOSED AMENDED PLEADINGS ASSERTING NON-COMPULSORY COUNTERCLAIMS AND JOINING UNRELATED NEW THIRD-PARTIES CONTRARY TO N.J.S.A. 14A:13-1, 11.

Introduction

Since 2019, New Jersey resident Laraine Conte and her sister, Janet Guarino have been prosecuting their multi-count Consumer Fraud and Theft action against Premier Waterproofing, LLC, a Pennsylvania-based Waterproofing company soliciting business in Ewing Township New Jersey. Because Premier Waterproofing LLC did not pay New Jersey's Annual Certificate of Authority registration fee from 2012 to 2021[1] it has been unauthorized to solicit or service New Jersey residents such as the Contes.

More to the point of this filing, as a Non-Registered Foreign Company in New Jersey, Premier was barred by New Jersey law from soliciting and servicing NJ Residents. Moreover, because Premier is currently defending the within CFA and Theft lawsuit, pursuant to N.J.S.A. 14A:13-11, Premier's defense rights are limited. Premier is not permitted to file pleadings seeking *affirmative* relief by way of counterclaim, or impleading of third parties.

On April 19, 2024, counsel Jeffrey Heldman filed a proposed amendment to Premier's previously filed Answers and defenses. His pleading entitled: "**ANSWER TO THIRD AMENDED COMPLAINT WITH COUNTERCLAIMS and THIRD- PARTY COMPLAINT**" prepares the reader to be confronted with a new set of accusations devoid of specificity and having no references to time

---

[1] See Exhibit A  Status Report NJ Business Records

or place, or the actual names of witnesses. More to the point of this motion, the new material is presented without any effort to explain why they have any connectivity with the facts presented in the original pleadings. Clearly allegations of fraud and theft or worse offenses are required by Rule to be written with careful specificity. The latter deficits also appear in Premier's allegations of punishable acts such as fraud and deception which, by Federal Rule, require *Specificity*.

### Summary of Pertinent Legal References

### Regarding Premier's Lack of NJ Certificate of Authority

The State of New Jersey report on the status of Pennsylvania corporation Premier Waterproofing, LLC shows that its Certificate of Authority to operate in New Jersey as a Foreign Corporation was suspended for non-payment of registrations fees from December 16, 2012 until 2021.

Pursuant to N.J.S.A. § 14A:13-11, because Premier was not registered to do business in NJ on February 17, 2018 when it solicited the Contes' contract to perform water intrusion remediation in 2018, and was not registered when the instant suit was filed, Premier is not permitted to seek *affirmative* relief (by way of counterclaim, or impleading of third parties), being limited to *defending* the allegations.

### Non=Registered Foreign Companies Limited Defenses

In 1971, in <u>Bozzuto's Inc. v. Frank Kantrowitz & Sons, Inc.</u>, the Appellate Division confirmed that N.J.S.A. 14A:13-11's restrictions apply to a "foreign" state company such as Premier which was a "Foreign corporation not qualified to do business in New Jersey because it did not possess a certificate of authority and therefore could not seek affirmative relief in an action at law in conjunction with its defense against the claim of another; the appellate court found that the foreign corporation could not maintain a crossclaim against defendants, noting that a corporation which declined to

3

submit itself to the disabilities and obligations necessary to be permitted to sue in New Jersey was not to gain access to New Jersey courts by virtue of a relationship so unsatisfactory that it was being sued. Bozzuto's Inc. v. Frank Kantrowitz & Sons, Inc., 117 N.J. Super. 146, (App. Div. 1971).

### Summary of Facts of Record Pertinent to the Limitations on Premier's Defense

Premier Waterproofing LLC did not pay New Jersey's annual registration fee required to enable it to ply its trade in New Jersey from 2012 to 2021.    As a Non-Registered Foreign Company in New Jersey Premier was barred by New Jersey law from soliciting employment from the Contes.

Because Premier is currently defending a suit brought in 2019, by New Jersey residents for Consumer Fraud and other offenses, pursuant to N.J.S.A. 14A:13-11, Premier is strictly limited to *defending* the Plaintiffs' allegations.  The law's essential objective is to spare New Jersey's taxpayers the cost of providing to a Foreign company that doesn't pay its Annual Certificate of Authority Fee *the same range of defense privileges to which a New Jersey Registered Foreign Company is entitled*.  For that reason, Defendant Premier's use of New Jersey's Courts is strictly limited to defending the allegations of the Complaint and is prohibited from filing pleadings seeking *affirmative* relief (by way of counterclaim or impleading *third parties*).

## Compounding the Original Factual Issues and the List of Parties

Comparing the original Complaint and Answer to Premier's recently-filed *"Answer to Third Amended Complaint With Counterclaims and Third-Party Complaint"* illustrates the practical necessity of New Jersey's constraint on unregistered Foreign Companies, denying them the right to expand this ordinary case into a costly complex affair.

## Factual Simplicity of Initial Pleadings of Record

The facts supporting the allegations of theft by deception and other wrongs between Premier and the Conte Sisters derive from equally accessible information exchanged between homeowner Laraine Conte and Michael Winberg between February 17 and March 23, 2018, They appear mainly in their email exchanges during the thirty-three days in which Premier was actively drawing down its GreenSky escrow account established by Janet Guarino for her sister.

Reduced to their simplest terms, the content of the filed Complaint and the Answer arise from the following events of record:

A. In February, 2018, the Ewing Township home of Laraine and Mark Conte experienced a water leak in basement owing to a water line break in the washing machine which covered a small portion of their basement floor.
B. The Contes stored many items of interest in the basement including husband Mark Conte's guitars and related equipment, Laraine Conte's framed photographs signed by celebrities and many more items of great value to them both,
C. Without disclosing that its Certificate of Authority had lapsed in 2012 (through 2021) for non-payment of NJ's Annual Fee, Premier's sales agent Winberg introduced himself to the Contes on February 17, after they had accepted Acqua Dry's proposal, giving a deposit.
D. In their short encounter at the home, Winberg exaggerated about his ability to detect dangerous mold on the Conte's walls without benefit of laboratory tests, noticing

Mark's home respiratory medical treatment, instilled a sense of fear and urgency in the Contes, which was interrupted by their departure for their Philadelphia Medical exam on February 18.

E. As they were leaving for the exam, Winberg persuaded Laraine to allow him to access their basement to size up the amount of work needed to organize the sifting of the stored keepsakes in the basement which had had promised Laraine, and for which he had delivered what he referred to as a Hazmat suit to protect her against contamination when they did the promised sorting and tagging of the keepsakes.

F. When the Contes returned that afternoon, Laraine confronted Winberg's worker carrying off her Fortunoff patio umbrella telling her that *the workers were allowed to take whatever they wanted from the basement.*

G. In response to Laraine's outrage over the incident, Winberg initially denied all knowledge as to how the entire content of the basement removed, only *to retract his statement*, after *Premier drew down the last of the Contes' GreenSky Escrow Account*, admitting that he ordered the total removal of all the stored property *because he did not want the Contes to be affected by what he falsely claimed to a mold related health threat to both of them.*

H. The Complaint charges Premier and its two principals with a large variety of statutory and common law torts, appending an itemized inventory of personal property which vanished from the Conte basement in a few hours, totaling $41,000 in estimated market value.

I. Winberg's signed confession of directing his workers to dispose of the Contes' personal property while promising her that he would carefully preserve whatever she wanted to keep and his inability to prove that any of the stored items were ever wet or subjected to mold growth weigh heavily against Premier's (or now, *New* Premier's) defense.

Searching or Impleading of New Parties Unnecessary

After four years of exchanging discovery, briefs, and other communications, at this point neither the plaintiffs nor the defendants have found it necessary to search for - or to implead - new parties or new issues to make the present case trial ready.

For example, there is no apparent reason why the present Complaint and Answer cannot be justly decided *unless GreenSky is joined as a party to this suit.* Likewise, why can't Janet Guarino's and Laraine Conte's Complaints be adjudicated *unless Terri Guarino is impleaded as a party*? In other words, can the individual Complaints of sisters Laraine Conte and Janet Guarino be fairly adjudicated *without their third sister, Terri Guarino being joined as a party*?

Mr. Heldman's 31-page ANSWER only vaguely suggests that *one or more of the three Conte Sisters* <u>may</u> have engaged in non-descript "schemes" with *fictitiously unidentified* personnel from GreenSky to attempt to create *an imaginary false narrative* by which to ensnare one or more of the Premier defendants in an *unspecified form of business fraud.*

Apart from the absence of concrete allegations of an *actual collaboration* among those newly-named parties, *what prevents the present case from being decided or settled without knowing anything about that imaginary connivance?*

## Summary and Conclusion

Because the Premier's filed pleadings asserting wrongful acts such as Fraud, Theft lack the specificity required of allegations of conspiracy, fraud and deception, the foregoing questions are, of necessity rhetorical and speculative. Because the proposed Amendment so grossly traverses Premier's attempt to expand the breadth of it defenses, the above discussions should not be a necessary to dispose of the Premier's proposed Answer and Counterclaims

From the content of his proposed Amended pleading, it is obvious that Mr. Heldman intends to seek discovery from each of the newly-named parties including GreenSky and Terri Guarino. He would probably want to add names to the fictitiously-identified individuals to discover whatever they are believed to have invested in the facts of the case which appeared

ready to be concluded before the advent of the non-permissible counterclaim filed by him. The combination of all the likely add-ons to the present state of this litigation should be enough of a deterrent to the filing to command its dismissal or striking as the proper disposition.

His pleading offers little assistance in identifying the subject matter of the discovery and the amount of time needed to fit that into the present schedule for resolving the present matter before the Court.

Whatever GreenSky's role would be in this drama can readily be played *out in a separately filed lawsuit or mediation session*. This is especially so because if GreenSky is accused by Premier of conspiring with Janet Guarino or Terri Guarino or Laraine Conte, that drama can be *separately pleaded and served* without interrupting the disposition of the present lawsuit as previously pleaded.

This matter having been removed by Premier shortly after being filed in the NJ Superior Court, Mercer County, the operable facts and legal theories pertinent to the case are set forth, along with Premier's Answers and Affirmative Defenses, in the Pacer Record.

At various points along the way of pre-trial discovery and settlement communications, Premier's counsel has expressed an interest in testing N.J.'s rule of denying Non-Registered Foreign Companies to have full access to its Courts. The exception is that a Non-Registered company such as Premier, if sued in New Jersey, is permitted to defend the action, but not assert a counterclaim against the plaintiff (other than a Compulsory Counterclaim).

Respectfully,

George T. Dougherty, Esq.

George Dougherty Law Office LLC

8

# EXHIBIT A

# EXHIBIT A

```
Status Report For:      PREMIER WATERPROOFING   LLC
Report Date:            8/14/2023
Confirmation Number:    232263088048
```

## IDENTIFICATION NUMBER, ENTITY TYPE AND STATUS INFORMATION

```
Business ID Number:     0400350025
Business Type:          FOREIGN LIMITED LIABILITY COMPANY
Status:                 ACTIVE
Original Filing Date:   05/20/2010
Stock Amount:           N/A
Home Jurisdiction:      PA
Status Change Date:     01-05-2021
```

## REVOCATION/SUSPENSION INFORMATION

```
DOR Suspension Start Date:   12-16-2012
DOR Suspension End Date:     01-05-2021
Tax Suspension Start Date:   N/A
Tax Suspension End Date:     N/A
```

## ANNUAL REPORT INFORMATION

```
Annual Report Month:         MAY
Last Annual Report Filed:    05/02/2023
Year:                        2023
```

## AGENT/SERVICE OF PROCESS (SOP) INFORMATION

```
Agent:                   JEFFREY HELDMAN, ESQ.
Agent/SOP Address:       18 HOOK MOUNTAIN ROAD SUITE 201, PINE BROOK, NJ, 07058
Address Status:          DELIVERABLE
Main Business Address:   252 Walton Drive, Morrisville, PA, 19067
Principal Business Address:  N/A
```

## ASSOCIATED NAMES

```
Associated Name:   N/A
Type:              N/A
```

## PRINCIPALS