**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LARAINE CONTE,** *et al.*, | |
| Plaintiffs, | Civil Action No. 20-16458 (ZNQ) (TJB) |
| v. | **OPINION** |
| **SAM SHEAR,** *et al.*, | |
| Defendants. | |
| **PREMIER WATERPROOFING, LLC,** *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| **GREENSKY SERVICING, LLC,** *et al.,* | |
| Third-Party Defendants. | |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon several motions: (1) a motion filed by Plaintiffs Laraine Conte and Janet Guarino to set aside the Clerk's entry of default judgment (ECF No. 90); (2) a motion for summary judgment filed by Defendants Premier Waterproofing LLC, Sam Shear, and Mike Winberg (collectively, "Premier Defendants") (ECF No. 97); (3) a motion for summary judgment filed by Defendants Pablo Colon and New Premier Waterproofing, LLC (collectively, "New Premier Defendants") (ECF No. 98); and (4) a motion to dismiss filed by

1

Third-Party Defendants GreenSky Servicing LLC and GreenSky LLC (collectively, "GreenSky") (ECF No. 89.) These motions have been fully briefed. (ECF Nos. 91, 94, 102, 103, and 107.)

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Plaintiffs' motion to set aside default judgment, **GRANT** Defendants' motions for summary judgment, and **DENY AS MOOT** Third-Party Defendants' motion to dismiss.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   A.  **Procedural History**

Plaintiffs Laraine Conte ("Conte") and Janet Guarino ("Guarino") filed their initial complaint against Defendants Sam Shear ("Shear"), Mike Winberg ("Winberg"), and Premier Waterproofing LLC ("Premier Waterproofing") in New Jersey state court on October 13, 2020. (ECF No. 1.) Premier Defendants filed a notice of removal on November 18, 2020. (*Id.*) Plaintiffs amended their complaint on December 16, 2020 (ECF No. 6), and again on September 7, 2021 (ECF No. 19). After the Court denied Premier Defendants' motion to compel arbitration (ECF No. 28), Premier Defendants filed an Answer and Counterclaim against Plaintiffs on November 8, 2022. (ECF No. 35.) Discovery commenced, and ultimately Plaintiffs filed a Third-Amended Complaint ("TAC") on April 5, 2024, adding claims against Pablo Colon ("Colon") and New Premier Waterproofing, LLC ("New Premier Waterproofing"). ("TAC", ECF No. 55.) On April 19, 2024, Premier Defendants filed an Answer to the TAC, which included additional counterclaims against Plaintiffs and a third-party complaint against Terri Guarino, Greensky Servicing, LLC, and GreenSky, LLC.[1] (ECF No. 56.)

---

[1] It appears that third-party defendant Terri Guarino has not been served by summons.

Ultimately, Plaintiffs failed to respond to the counterclaims and the Clerk entered default against them on June 12, 2024.  When Plaintiffs failed to take any action in response to the entry of default, on June 27, 2024, Premier Defendants filed a request for the Clerk to enter default judgment pursuant to Rule 55(b)(1).[2]  (ECF No. 70.)  Five days later, ostensibly realizing for the first time that Premier Defendants filed counterclaims against them, Plaintiffs filed a motion to strike the counterclaims (ECF Nos. 71, 72), which the Court denied as moot because they were filed beyond the deadline provided by the Federal Rules of Civil Procedure.  (ECF No. 78.)  The Clerk entered default judgment against Plaintiffs on July 3, 2024.  (ECF No. 73.)

On August 15, 2024, Plaintiffs filed a motion for reconsideration as to the Court's ruling on the motion to strike, which the Court also denied as procedurally improper.  (ECF No. 82.)  The Court informed Plaintiffs that any relief from the default judgment entered against them would need to be sought pursuant to Rule 55(c).  (*Id.*)  On September 18, 2024, Plaintiffs filed a motion to set aside the entry of default.  (ECF No. 90.)  That application is currently pending.

On September 13, 2024, GreenSky filed a motion to dismiss the third-party complaint brought by Premier Defendants.  (ECF No. 89.)  In February 2025, Premier Defendants and New Premier Defendants filed separate motions for summary judgment against Plaintiffs.  (ECF Nos. 97, 98.)  Plaintiffs filed an opposition to Premier Defendants' motion on March 17, 2025.  (ECF No. 102.)  Two days later, perhaps realizing that the opposition lacked any facts to dispute summary judgment, Plaintiffs' counsel filed a second opposition, which now included counsel's signature at the end of the brief and two "certifications" signed by Conte and Guarino.  (ECF No. 103.)  Plaintiffs failed to file an opposition to New Premier Defendants' motion.

---

[2] All references to "Rule" refer to the Federal Rules of Civil Procedure unless otherwise stated.

3

On March 31, 2025 the Court entered an order to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 104.) Premier Defendants filed a letter with the Court (ECF No. 105), and upon review of that letter, the Court was satisfied that it had subject matter jurisdiction. (ECF No. 106.) Premier Defendants subsequently filed a reply to Plaintiffs' opposition on May 22, 2025. (ECF No. 107.) For reasons unknown to the Court, over a month later Plaintiffs filed what they ineptly labeled as a "certification in opposition." (ECF No. 108.) In reality, that document is a prior filing submitted in this case by Premier Defendants on August 21, 2023 requesting leave to amend their pleading. (*Compare* ECF No. 49, *with* ECF No.108.) Premier Defendants' subsequent letter to the Court explained the irregularity of Plaintiffs' filing and requested that it be struck from the record. (ECF No. 109.)

**B.     Background**

The crux of this now five-year-old dispute began when Plaintiff Conte's basement experienced water intrusion and resultant mold issues. (TAC ¶ 6.) To address the sewage discharge in her basement, she retained Premier Waterproofing for $21,000. (*Id.* ¶¶ 17, 22.) However, Conte could not afford to pay for the services, so her sister, Plaintiff Guarino, offered to step-in and obtain a loan. Defendant Winberg, an employee of Premier Waterproofing, recommended obtaining the loan through GreenSky, which Guarino ultimately did. (*Id.* ¶ 21.) Under this financing agreement, Premier Defendants were able to draw down payments directly from Guarino's GreenSky account. (*Id.* ¶ 54.)

The relationship between Plaintiffs and Premier Defendants quickly soured after Plaintiffs alleged that Premier Defendants removed Conte's property from her basement without her permission, which was subsequently brought to a dumpster for disposal or taken by workers employed by Premier Waterproofing. (*Id.* ¶¶ 27, 33.) In addition to the unauthorized removal of

4

property, Plaintiffs further claimed that the construction work was not done properly, and that Conte's basement was still experiencing water intrusion issues. (*Id.* ¶¶ 44, 45.) And if that was not enough, Premier Defendants drew $25,000 from Guarino's account, instead of the agreed upon $21,000, passing on an additional $4,000 financing fee charged by GreenSky. (*Id.* ¶ 58.) According to Plaintiffs, Premier Defendants were prohibited from passing that fee on to them. (*Id.*) Plaintiffs further allege that New Premier Defendants are successors in interest to Premier Waterproofing, and that Pablo Colon was a key employee of Premier Waterproofing during the aforementioned events. (*Id.* ¶ 5.)

Premier Defendants, of course, have a different version of events.[3] They allege that the contract they entered with Conte explicitly stated that a dumpster would be staged at the property to remove the contaminated items from her basement. (Counterclaims ¶¶ 21–22). And on the day Premier Waterproofing began its work, Plaintiffs identified which items could be disposed of and which items could be kept by separating them into two distinct piles. (*Id.* ¶¶ 25–26.) After Premier Waterproofing completed the construction on Conte's basement, Plaintiffs apparently fabricated a list of items that they could submit to an insurance company to obtain a "monetary windfall." (*Id.* ¶ 36.) When Premier Defendants refused to participate in this scheme, Conte claimed her basement was still experiencing water intrusion issues and demanded that Premier Waterproofing perform additional services. (*Id.* ¶ 38.) Premier Waterproofing ultimately performed those subsequent services, which included upgrading the basement's insulation and wall covering, rerouting gutters, and work on Conte's front porch. (*Id.* ¶¶ 39–40.)

As for the additional $4,000 fee, Premier Defendants claim that the fee should never have been charged to Premier Waterproofing. (*Id.* ¶ 55.) Rather, that fee was actually to lower

---

[3] Premier Defendants filed their counterclaims in their Answer. Citations to "Counterclaims" refer to the paragraphs in ECF No. 56 under the heading "Amended Counterclaims and Third-Party Complaint" on page 15.

Guarino's interest rate on her loan with GreenSky and had nothing to do with Premier Waterproofing. (*Id.* ¶ 55.)

## II. SUBJECT MATTER JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III. DISCUSSION

### A. Plaintiffs' Motion to Set Aside Default Judgment

Before the Court can rule on Premier Defendants' motion for summary judgment, it must first determine whether to set aside the default judgment that has been entered against Plaintiffs. As explained, the Clerk entered default judgment against Plaintiffs after they failed to file an answer to Premier Defendants' counterclaims. Pursuant to Rule 12(a)(1)(B), "a party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). To date, no such answer has been filed. Rather, Plaintiffs now seek relief from the judgment entered against them pursuant to Rule 55(c) and Rule 60(b). (ECF No. 90.)

Rule 55 governs the default judgment process. The first step is to obtain default under Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Here, the clerk properly entered default after Plaintiffs failed to timely respond to Premier Defendants' counterclaims.

After a party obtains default, Rule 55(b) allows the entry of a judgment by default on a motion by the non-defaulting party. *See* Fed. R. Civ. P. 55(b). As relevant here, the Clerk must enter default judgment if: (1) the claim "is for a sum certain or a sum that can be made certain by computation"; (2) the party was "defaulted for not appearing"; and (3) the defaulting party "is

6

neither a minor nor an incompetent person."[4] Fed. R. Civ. P. 55(b)(1). For all other cases, the Court must determine whether it is appropriate to enter default judgment. *See* Fed. R. Civ. P. 55(b)(2). The Federal Rules, of course, have a process in which the entry of default and default judgment may be set aside. *See* Fed. R. Civ. P. 55(c). Whether to set aside the entry of default is within a district court's discretion; it may only be done when "good cause" exists. *See Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016). Vacating a default judgment, however, requires more. It may only be set aside if the defaulting party demonstrates that one of the six reasons enumerated in Rule 60(b) have been met.[5] *See* Fed. R. Civ. P. 55(c). The first five reasons in Rule 60(b) are more specific, while the sixth reason is a catch-all provision "that allows a court to relieve a party from a judgment for 'any other reason that justifies relief.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). While it is generally preferable to have a case resolved on the merits, the ultimate decision of whether to set aside a judgment is primarily left to the district court's discretion. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984).

Here, Plaintiffs have failed to identify which specific provision of Rule 60(b) they believe applies and instead move the Court under the "good cause" standard in Rule 55(c). Indeed, Plaintiffs rely on a case from outside this circuit, *Compania Interamerican Export-Import, S.A. v. Compania Domincana de Aviacion*, 88 F.3d 948 (11th Cir. 1996), which discusses the good cause standard in the context of setting aside an entry of default rather than default judgment. But as just

---

[4] There is caselaw to suggest that a party's failure to appear only applies to parties who have never made an appearance in the case and not to a party who has failed to make an appearance at some subsequent stage of the proceeding. *See Radack v. Norwegian America Line Agency, Inc.*, 318 F.3d 538, 542 (2d Cir. 1963). However, Plaintiffs have not challenged the judgment on this ground and have therefore waived their right to do so. *See Laborers' Intern. Union of North America, AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). In any event, even if the Clerk proceeded erroneously by entering judgment, it is not the kind of error that would automatically render the judgment void and require it to be vacated. *See United States v. Manos*, 56 F.R.D. 655, 659–60 (S.D. Ohio 1972).

[5] Rule 60(b) lists six reasons in which a court may set aside a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason that justified relief. *See* Fed. R. Civ. P. 60(b)(1–6).

explained, the "good cause" standard applies to setting aside the entry of default under Rule 55(c) and not setting aside the entry of a default judgment under Rule 60(b). The Court has provided Plaintiffs with multiple opportunities to properly seek relief from the judgment and their continued failure has delayed this case to the detriment of Premier Defendants.

Nonetheless, having reviewed Plaintiffs' submission, the Court finds that only Rule 60(b)(1) could plausibly apply, particularly in light of Plaintiffs' claims that: they have a meritorious defense; that Premier Defendants would not be prejudiced by the vacatur; and the delay was a result of errors by Plaintiffs' counsel. *See Trustees of UFCW Local 152 Health and Welfare Fund v. Avon Food, Inc.*, Civ. No. 17-2178, 2019 WL 417047, at *2 (D.N.J. Feb. 1, 2019) (construing motion to vacate judgment as one under Rule 60(b) even though not identified in the submission). Under Rule 60(b)(1), a court may relieve a party from default judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Third Circuit has held that a district court should consider the following factors when determining whether to set aside a default judgment under that rule: (1) whether the defendant will be prejudiced; (2) whether the plaintiff has a meritorious defense; and (3) whether the default was the result of the plaintiff's culpable conduct. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. As explained below, the Court finds that Plaintiffs are not entitled to relief under this provision and that the default judgment must stand.

First, the Court considers whether Plaintiffs have asserted a meritorious defense because this is the "threshold question" that must be answered, without which "there would be no point in setting aside the default judgment." *Id.* "A meritorious defense is presumptively accomplished when the allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Baymont Franchise Systems, Inc. v. 7601 Black Lake Rd., LLC*, Civ. No.

21-18049, 2023 WL 3478468, at *3 (D.N.J. May 16, 2023) (citing *Harad v. Aetna Cas & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). However, there is no automatic right to have the judgment set aside by simply alleging a defense. *See id.* Rather, the defense must be stated with "some specificity" and "simple denials or conclusionary statements are insufficient." *Avon Food, Inc.*, 2019 WL 417047, at *2 (citation modified).

Here, Plaintiffs assert seven defenses to Premier Defendants' counterclaims. (ECF No. 90 at 8–9.) None of them are sufficiently stated and are, at best, conclusory statements. The first defense relates to the statute of limitations, but Plaintiffs do not provide any details to support that defense, argue which counterclaims would be barred, or point the Court to any caselaw in support of that argument. In any event, the Court doubts the merits of this defense given that the six-year statute of limitations in New Jersey for breach of contract disputes had not passed at the time the counterclaims were filed. *See* N.J. Stat. Ann. § 2A:14-1; *see also Gant v. Advanced Elec., Inc.*, Civ. No. 16-1954, 2017 WL 3638762, at *4 (D.N.J. Aug. 23, 2017) (denying motion to vacate default judgment where statute of limitations defense was without merit). Here, Plaintiffs argue that the statute of limitations closed on March 23, 2024, but it is clear from Plaintiffs' own submissions that the dispute with Premier Defendants continued through at least August 2018. (ECF No. 103-2 at 9.) As such, the latest Premier Defendants could bring their breach of contract counterclaim was August 2024, which means that their counterclaim is not barred by the applicable statute of limitations. *See Ballantyne House Assocs. v. City of Newark*, 269 N.J. Super. 322, 331–32 (N.J. Super. Ct. App. Div. 1993) (holding that party could maintain a cause of action for any breach brought within six years even if the initial breach occurred more than six years ago). Plaintiffs also argue that Premier Defendants' counterclaims lack specificity, are speculative, and fail to state a claim. Again, Plaintiffs have failed to articulate how Defendants' counterclaims fail

9

to state a claim or lack specificity. Mere recitals of legal principles without any substance or discussion of how they apply to the instant case are insufficient to establish a meritorious defense. *See Gant*, 2017 WL 3638762, at *4 (holding that a defendant's "conclusory statements" were without "substance" and that his failure to "explain why [the defenses] apply to this case" weighed against vacating the default judgment). In any event, Premier Defendants' counterclaims plainly make out a *prima facie* case and Plaintiffs' arguments are without merit.

Plaintiffs' next two defenses relate to a bar to Premier Defendants' claims based on their purported failure to register to conduct business in New Jersey as a foreign entity. Plaintiffs invoke "New Jersey's Foreign Company Registration Law" as a basis for their defense but point to no statute or common law.[6] Moreover, there is evidence in the record that explicitly refutes Plaintiffs' assertion as to the status of Premier Defendants' registration. (ECF No. 97-5, Ex. S-4.) Plaintiffs' final defense is also unpersuasive as it simply states that Premier Defendants are denying responsibility for Plaintiffs' injuries.[7] Given that all of Plaintiffs' defenses lack the requisite specificity, the Court finds that this factor weighs against vacating the default judgment. *Avon Food, Inc.*, 2019 WL 417047, at *2.

Even assuming the other two factors favor Plaintiffs, because none of their asserted defenses are meritorious, this deficiency alone warrants denying their motion. *See $55,518.05 in*

---

[6] Despite diligent research, the Court was unable to identify any authority in New Jersey corresponding to the "law" that Plaintiffs allude to. Even if Plaintiffs are correct, they themselves describe the law as limiting unregistered contractors "to asserting basic defenses to the charges imposed and to compulsory counterclaims but nothing more, . . . ." (ECF No. 90 at 9.) The counterclaims for which the Clerk entered default judgment would nevertheless be permissible under the scheme Plaintiffs describe because they constitute compulsory counterclaims.

[7] The entire defense was articulated by Plaintiffs as follows: "Premier's denial of responsibility for the nearly total theft of the Conte's personal property consisting of their stored memorabilia and personal keepsakes, plus musical instruments while orchestrating their disappearance until they had drawn out the entire Greensky escrowed account." (ECF No. 90 at 9.) It is not clear to the Court how Premier Defendants' denial of responsibility would constitute a defense for Plaintiffs against Premier Defendants' counterclaims.

*U.S. Currency*, 728 F.2d at 197. Accordingly, Plaintiffs' motion to set aside the default judgment will be **DENIED**.

        **B.**        **Premier Defendants' Motion for Summary Judgment**

On a motion for summary judgment, "the movant [must show] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must grant summary judgment if any party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Moreover, after a default judgment is entered, it is well-established that the defaulting party "admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts." *Tripodi v. Welch*, 810 F.3d 761, 764 (3d Cir. 2016); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

In light of the default judgment that has been entered against Plaintiffs, all of their claims against Premier Defendants must fail. Plaintiffs' breach of contract claim (Count I) cannot be sustained because judgment has already been rendered on this issue in favor of Premier Defendants. (ECF No. 73 at 2.) Plaintiffs' Consumer Fraud Act claims (Counts II and III) fail because they cannot demonstrate "an ascertainable loss" as is required by the act. *See Manahawkin Convalescent v. O'Neill*, 217 N.J. 99, 121 (N.J. 2014). An ascertainable loss can be demonstrated by "an estimate of damages, calculated within a reasonable degree of certainty." *Thiedemann v. Mercedes-Bens USA, LLC*, 183 N.J. 234, 249 (N.J. 2005). While a plaintiff does not need to show that she experienced "an out-of-pocket loss," she must be able to "demonstrate a cognizable and

11

calculable claim of loss due to the alleged CFA violation." *Id.* at 249.  The judgment entered against Plaintiffs also established that Plaintiffs were not damaged, but that they were instead unjustly enriched by the additional construction services rendered by Premier Waterproofing. (ECF No. 73 at 2.)

Plaintiffs' conversion claim (Count IV) fails for similar reasons.  In New Jersey, "conversion has been defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *LaPlace v. Briere*, 404 N.J. Super. 585, 598 (N.J. App. Div. 2009) (citation modified).  To that end, "there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel." *Id.* at 596.  Because the Court must accept the factual allegations in Premier Defendants' counterclaims as true, there is no dispute that Plaintiffs directed Premier Waterproofing to remove the allegedly missing items from Conte's basement.  (Counterclaims ¶¶ 25–26.)  As such, Premier Defendants are entitled to summary judgment on Plaintiffs' conversion claim.

Plaintiffs' negligence claim (Count V) is likewise affected by the default judgment.  For a negligence claim to be sustained, Plaintiffs must demonstrate: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 221 N.J. 36, 51 (N.J. 2015) (citation modified).  Like Plaintiffs' other claims, the judgment entered against them has established that they did not suffer any damages.  (ECF No. 73 at 2.)  As such, the Court finds that Premier Defendants are entitled to summary judgment on Plaintiffs' negligence claim as well.

### C. New Premier Defendants' Motion for Summary Judgment

New Premier Defendants' motion for summary judgment was unopposed by Plaintiffs. When a non-movant fails to oppose the motion, as is the case here, Rule 56(e) provides that the Court may "grant summary judgment if the motion and supporting material — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Still, the moving party must show that it is "entitled to judgment as a matter of law." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). However, "even if a record contains facts that might provide support for a non-movant's position, the burden is on the non-movant, not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." *Fisher v. Stafford Tp. Bd. of Educ.*, Civ. No. 05-2020, 2006 WL 2534399, at *2 (D.N.J. Aug. 31, 2006).

Plaintiffs alleged that New Premier Defendants are successors to Premier Waterproofing and are therefore liable for any wrongdoing committed by Premier Waterproofing. (TAC ¶ 110.) However, New Premier Defendants argue that there is no legal basis for successor liability under New Jersey law. (NPD MSJ at 1.) The general rule in New Jersey is that a purchasing-company is not liable for the selling-company's debts and liabilities. *See McLaren v. UPS Store, Inc.*, Civ. No. 21-14424, 2025 WL 2938269, at *4 (D.N.J. Oct. 16, 2015). However, there are four exceptions to this general rule: (1) the purchasing corporation expressly or impliedly agreed to assume such debts and liabilities; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is entered into fraudulently in order to escape responsibility for such debts and liabilities. *See Ramirez v. Amsted Industries, Inc.*, 86 N.J. 332, 340–41 (1981). The undisputed facts establish that none of these exceptions apply. Indeed, New Premier was

incorporated independently of Premier Waterproofing and there have never been any transactions between the two companies. (Colon Decl., ECF No. 98-2 ¶¶ 7–9.) Colon has never worked for Premier Waterproofing in any capacity and there has not been any continuity of ownership or assets between New Premier and Premier Waterproofing. (Colon Decl. ¶¶ 5, 9.) Accordingly, Defendants Colon's and New Premier's motion for summary judgment will be **GRANTED**.

### D. Greensky's Motion to Dismiss

Third-Party Defendants GreenSky LLC and GreenSky Servicing LLC move to dismiss the third-party complaint brought by Premier Defendants. (ECF No. 89.) In opposition, Premier Defendants argue that Greensky was joined because GreenSky may be liable to Premier Defendants for all, or part, of Plaintiffs' claims brought against Premier Defendants. (ECF No. 91 at 3.) Under Rule 14(a), "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1); *see also F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) ("A third-party claim may be asserted under Rule 14(a) only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant."). Given that judgment has been rendered in favor of Premier Defendants, their third-party claims brought under Rule 14(a) must be dismissed as moot. *See Ford Motor Co. v. Edgewood Properties, Inc.*, Civ. No. 06-1278, 2007 WL 4526594, at *9 (D.N.J. Dec. 18, 2007). Accordingly, GreenSky's motion to dismiss will be **DENIED AS MOOT**.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** Premier Defendants' and New Premier Defendants' motions for summary judgment, **DENY** Plaintiffs' motion to set aside the

14

default judgment, and **DENY AS MOOT** GreenSky's motion to dismiss.  An appropriate Order will follow.


Date: November 18, 2025

                                                s/ Zahid N. Quraishi            
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**